Presented to the Court by the foreman of the Grand Jury in open Court, in the presence of the Grand Jury and FILED in the U.S. DISTRICT COURT at Seattle, Washington.

NOVEMBER 18 2010

WILLIAM M. McCOOL, Clerk

By ________ Deputy

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. FREDERICK DARREN BERG, Defendant. | NO. CR10-0310RAJ<br>SUPERSEDING INDICTMENT |

The Grand Jury charges that:

**COUNTS 1-9**

(Wire Fraud)

**I. The Offense**

1. Beginning at an exact time unknown, but no later than sometime in 2003, and continuing until in or around August 2010, at Seattle and elsewhere, within the Western District of Washington, FREDERICK DARREN BERG did knowingly and willfully devise and execute and attempt to execute a scheme and artifice to defraud, and for obtaining money and property by means of material false and fraudulent pretenses, representations, and promises; and in executing and attempting to execute this scheme and artifice, did knowingly cause to be transmitted in interstate commerce by means of wire communication, certain signs, signals and sounds.

///



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## II. Object of the Scheme and Artifice to Defraud

2. The object of the scheme and artifice to defraud was to defraud investors by falsely representing that FREDERICK DARREN BERG was using investor funds to purchase seller financed real estate contracts, real estate, mortgage backed securities and also to make hard money loans, all of which he falsely claimed would generate profits to repay the investors. In fact, as he then well knew, during the course of the scheme and artifice to defraud, FREDERICK DARREN BERG misappropriated millions of dollars in investor funds which he used for his own benefit and to pay off the loans of earlier investors in order to conceal his false statements and continue his scheme to defraud.

## III. Introduction - The Meridian Investor Funds and CS Note Holdco

3. Between January 2001, and August 2010, FREDERICK DARREN BERG created and operated a series of investment funds purportedly for the purpose of investing in seller financed real estate contracts, hard money loans, real estate and mortgage backed securities. These funds were known as: Meridian Mortgage Investors Funds 1, 2, 3, 5, 6, 7, 8, 9, and 10 (the mortgage investment funds); Meridian Real Estate Opportunity Funds 1 and 2 (the real estate investment funds); and CS Note Holdco (the mortgage backed security investment fund). After failing to make recurring interest payments to investors on or about June 15, 2010, the investors in Funds 2, 5, 7, and 8 filed a petition with the United States Bankruptcy Court for the Western District of Washington to force the funds into Chapter 11 bankruptcy proceedings. Funds 6, 9, and 10 were added to the bankruptcy proceedings on August 4, 2010, and Real Estate Opportunity Funds 1 and 2 were added to the bankruptcy proceedings on August 16, 2010. On or about July 27, 2010, FREDERICK DARREN BERG filed a petition for personal bankruptcy.

4. The mortgage investment funds were purportedly established to primarily invest in the purchase of seller financed real estate contracts and to fund short term loans backed by mortgages on real property. Payments to investors in the mortgage investment funds were purportedly to be made from the cash flows generated by borrower payments. Funds 1, 2, 3, 5, 6, 7, and 8 of the mortgage investment funds were established between



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

January 2001, and February 2004. Funds 9 and 10 of the mortgage investment funds were established in November 2009.

5. The real estate investment funds were purportedly established to invest in the purchase of real estate. Payments to investors in the real estate investment funds were purportedly to be made from profits generated through the sale of properties purchased by the funds. Funds 1 and 2 of the real estate investment funds were established between March and July 2009. FREDERICK DARREN BERG raised approximately $7.65 million from over 60 investors in the real estate investment funds between March 2009 and August 2010.

6. CS Note Holdco was purportedly established to invest in the purchase, from their current holders, of promissory notes previously issued by Funds 5, 7, and 8 at a minimum discount of thirty percent. Payments to investors in CS Note Holdco were purportedly to be made from the cash flow received from CS Note Holdco's ownership of the Fund 5, 7, and 8 notes. FREDERICK DARREN BERG raised approximately $4,055,000 from 15 investors in CS Note Holdco between September 2009, and December 2009.

7. FREDERICK DARREN BERG exercised exclusive control over the operation of each of the investment funds and was the only person with access to the funds' bank records. FREDERICK DARREN BERG was the sole signatory on the funds' bank accounts and the only person with access to all of the funds' accounting records including records related to the funds' investors, the funds' assets, and the funds' expenses.

**IV. Manner and Means of the Scheme and Artifice to Defraud**

**A. Defendant's Fraud and False Representations Regarding the Meridian Mortgage Investment Funds.**

8. It was part of the scheme and artifice to defraud that FREDERICK DARREN BERG falsely represented that the Meridian Mortgage Investment Funds would use investor money solely to purchase seller financed real estate contracts, fund



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

short term loans, purchase real estate and pay management and servicing fees to FREDERICK DARREN BERG and his related companies. In truth and in fact, as FREDERICK DARREN BERG then well knew, he misappropriated millions of dollars of the investors' money for his other business interests including the creation and operation of a luxury bus company named MTR Western and several subsidiaries, the purchase of several multi-million dollar yachts and private jets, the purchase and remodeling of a multi-million dollar waterfront mansion on Mercer Island, Washington, the purchase and/or lease of luxury automobiles, and other personal expenses.

9. It was further part of the scheme and artifice to defraud that FREDERICK DARREN BERG also used money from new investors in the mortgage investment funds to make interest payments and cover redemption requests from existing investors in the funds. As to Funds 9 and 10, FREDERICK DARREN BERG never purchased any assets as promised in the promotional and offering materials for the funds, but instead used all of the investor money generated from the promotion of these funds to cover interest payments and redemption requests for investors in other Meridian funds and for his own personal expenses.

10. It was further part of the scheme and artifice to defraud that in order to conceal and continue his scheme to defraud, FREDERICK DARREN BERG fabricated false records for many of the seller financed real estate contracts and loans purportedly purchased or financed by the funds. These false records included fake loan files with fake appraisal reports and fake title reports, and fake loan servicing files with fake accounting records and fake payment histories.

11. It was further part of the scheme and artifice to defraud that in order to conceal and continue his scheme to defraud, FREDERICK DARREN BERG used these false records to book fake assets on behalf of the funds in order to mislead investors and auditors as to the true health and makeup of the mortgage investment funds' asset portfolios.

12. It was further part of the scheme and artifice to defraud that in order to



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

conceal and continue his scheme to defraud, FREDERICK DARREN BERG fabricated false bank statements used to mislead investors and auditors as to the true health of the mortgage investment funds.

13. It was further part of the scheme and artifice to defraud that in order to conceal and continue his scheme to defraud, FREDERICK DARREN BERG mislead independent auditors hired to audit the funds in order to conceal his false statements and continue his scheme to defraud. In or around August 2007, FREDERICK DARREN BERG opened dozens of private mail boxes (PO Boxes) in the names of fabricated borrowers who were on a list of borrowers who were to receive loan confirmation letters from an independent auditor. FREDERICK DARREN BERG placed automatic mail forwarding instructions on the PO Box addresses to forward any mail received to an address he controlled in Seattle, Washington. FREDERICK DARREN BERG then listed those PO Box addresses on the fake loan files. When the independent auditor sent the loan confirmation letters, FREDERICK DARREN BERG received the letters at the address he controlled, completed the confirmations, and mailed the confirmations back to the independent auditor. FREDERICK DARREN BERG also used the fake loan files, fake loan servicing files, fake bank account statements and fabricated accounting worksheets to mislead the independent auditors as to the true health and makeup of the mortgage investment funds.

14. It was further part of the scheme and artifice to defraud that in order to conceal and continue his scheme to defraud, FREDERICK DARREN BERG issued annual reports to investors in the funds that falsely represented the number and value of assets owned by the funds.

**B. Defendant's Fraud and False Representations Regarding the Meridian Real Estate Investment Funds.**

15. It was further part of the scheme and artifice to defraud that FREDERICK DARREN BERG falsely claimed that the Meridian Real Estate Investment Funds would use investor money solely to purchase real estate and pay management and servicing fees



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

to BERG and his related companies. In truth and in fact, as FREDERICK DARREN BERG then well knew, he created the Meridian Real Estate Investment Funds for the purpose of raising money to make interest payments and redemption payments to investors in other funds and to fund his own personal expenses.

16. It was further part of the scheme and artifice to defraud that FREDERICK DARREN BERG did not use any of the money raised from investors in the real estate investment funds to purchase assets as promised in the funds' promotional and offering materials. Instead, FREDERICK DARREN BERG used all of the investor money generated from the promotion of these funds to cover interest payments and redemption requests for investors in other Meridian funds and for his own personal use.

**C. Defendants Fraud and False Representations Regarding CS Note Holdco.**

17. It was further part of the scheme and artifice to defraud that FREDERICK DARREN BERG falsely claimed that CS Note Holdco would use investor money solely to purchase notes previously issued by Funds 5, 7, and 8, and then held by a Bellevue, Washington-based investment advisory firm at a discount of no less than 30% off face value. In truth and in fact, as FREDERICK DARREN BERG then well knew, he used the investors money to pay the Bellevue, Washington-based investment advisory firm money it was owed for investments in other Meridian funds and to fund his own personal expenses.

18. It was further part of the scheme and artifice to defraud that FREDERICK DARREN BERG falsely represented to investors in CS Note Holdco, that a purported agreement with the Bellevue, Washington-based investment advisory firm to sell its notes at a 30% discount was effectively completed, was in the process of being "papered," and would be signed within days. In truth and in fact, as FREDERICK DARREN BERG then well knew, no such agreement was ever completed or in process.

19. It was further part of the scheme and artifice to defraud that FREDERICK DARREN BERG falsely represented that he was negotiating with a third party who was purportedly going to purchase the notes from CS Note Holdco at a greater price than CS



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Note Holdco was to pay the Bellevue, Washington-based investment advisory firm. In truth and in fact, as FREDERICK DARREN BERG then well knew, there was no third party negotiating for the purchase of the notes.

20. It was further part of the scheme and artifice to defraud that in order to convince investors of the veracity of his claim that a third party was negotiating with him for the purchase of the notes, FREDERICK DARREN BERG fabricated e-mail correspondence between himself and a fictitious potential buyer named "John Arlett." In truth and in fact, as FREDERICK DARREN BERG then well knew, "John Arlett" was an alias name used by FREDERICK DARREN BERG and the e-mail correspondence was entirely fictional.

**D. Losses Resulting from the Scheme and Artifice to Defraud**

21. It was further part of the scheme and artifice to defraud that between January 2001, and August 2010, FREDERICK DARREN BERG raised approximately $280 million (not including accrued interest rolled over into new investments) from approximately 500 investors in his investment funds. As a result of FREDERICK DARREN BERG's scheme and artifice to defraud, victims lost approximately $100 million that he used for his personal benefit and to promote his scheme to defraud.

**V. Execution of the Scheme and Artifice to Defraud**

22. On or about the below-listed dates, within the Western District of Washington and elsewhere, FREDERICK DARREN BERG, for the purpose of executing the aforementioned scheme and artifice to defraud and to obtain money by means of false and fraudulent pretenses, representations, promises and omissions of material facts, and attempting to do so, did knowingly and intentionally cause to be transmitted, in interstate commerce by means of a wire communication, certain signs, signals, and sounds, that is, wire transfers of funds, between investor accounts and accounts under his control, each of which was transmitted in interstate commerce via the Fedwire system in New Jersey to the Western District of Washington:



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

| Count | Date | Wire Transaction | Amount |
|---|---|---|---|
| 1 | 04/15/2005 | Wire transfer from the Citibank account of M.S. which represented an investment into Meridian Mortgage Investors Fund VII, to Commerce Bank account ***4410 of MPM Investor Services (FBO MMIFII) | $200,000.00 |
| 2 | 03/02/2006 | Wire transfer from the Keybank account of the J.A. Trust, which represented an investment into Meridian Mortgage Investors Fund VII, to Commerce Bank account ***4429 of Meridian Mortgage Investors Fund VIII | $200,000.00 |
| 3 | 10/27/2006 | Wire transfer from the Mellon bank account of the A.S. Trust, which represented an investment into Meridian Mortgage Investors Fund VII, to Commerce Bank account ***4410 of MPM Investor Services (FBO MMIFII) | $150,000.00 |
| 4 | 02/05/2007 | Wire transfer from the Citibank account of J.D. which represented an investment into Meridian Mortgage Investors Fund VI, to Commerce Bank account ***2812 of Meridian Mortgage Investors Fund VI, LLC | $200,000.00 |
| 5 | 06/04/2007 | Wire transfer from the Wells Fargo account of K. & K.H. which represented an investment into Meridian Mortgage Investors Fund VIII, to Commerce Bank account ***4429 of Meridian Mortgage Investors Fund VIII, LLC | $300,000.00 |
| 6 | 04/30/2009 | Wire transfer from the Wells Fargo account of D.R. which represented an investment into Meridian Mortgage Investors Fund II, to Commerce Bank account ***4356 of Meridian Mortgage Investors Fund II, LLC | $650,000.00 |
| 7 | 09/18/2009 | Wire transfer from the Wachovia Bank account of K.K., which represented an investment into CS Note Holdco, to Commerce Bank account ***6894 of CS Note Holdco | $500,000.00 |



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

| | | | |
|---|---|---|---|
| 8 | 04/26/2010 | Wire transfer from the Viking Community Bank account of R.W., which represented an investment into Meridian Mortgage Investors Fund IX, to Commerce Bank account ***4313 of Meridian Partnership Management Inc. | $236,550.00 |
| 9 | 05/27/2010 | Wire transfer from the Wells Fargo Bank account of C.B., which represented an investment by C.B. into Meridian Mortgage Investment Fund VII, to Commerce Bank account ***4410 of MPM Investor Services (FBO MMIFVII) | $495,000.00 |

All in violation of Title 18, United States Code, Sections 1343 and 2.

**COUNT 10**

(Money Laundering)

On or about June 29, 2006, within the Western District of Washington, FREDERICK DARREN BERG did knowingly engage in a monetary transaction in criminally derived property of a value greater than $10,000.00 and derived from specified unlawful activities - namely, wire fraud, a violation of Title 18, United States Code, Section 1343, to wit: a transfer of $1,000,000.00 from the Commerce Bank account ****4313 of Meridian Partnership Management, Inc. to the Commerce Bank account ****9601 of FREDERICK DARREN BERG.

All in violation of Title 18, United States Code, Section 1957.

**COUNT 11**

(Money Laundering)

On or about May 10, 2007, within the Western District of Washington, FREDERICK DARREN BERG did knowingly engage in a monetary transaction in criminally derived property of a value greater than $10,000.00 and derived from specified unlawful activities - namely, wire fraud, a violation of Title 18, United States Code, Section 1343, to wit: a transfer of $1,000,000.00 from the Commerce Bank account



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

****2804 of Meridian Partnership Management, Inc. to the Commerce Bank account **** 9601 of FREDERICK DARREN BERG.

All in violation of Title 18, United States Code, Section 1957.

**COUNT 12**

(Bankruptcy Fraud - Asset Concealment)

Beginning on or about July 27, 2010, and continuing through the present, defendant FREDERICK DARREN BERG, in a matter pending before the United States Bankruptcy Court for the Western District of Washington, *In Re: Frederick Darren Berg*, Case No. 10-18668 (Bankr. W.D. Wash.), knowingly and fraudulently concealed and caused to be concealed from the trustee appointed pursuant to Title 11, United States Code, Section 701(a)(1), certain personal property belonging to a bankruptcy estate,

///

///

///



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

including: 1) approximately $398,773.57 that represented the proceeds from the sale of real property on July 28, 2010; 2) a brokerage account in the name of DB517 LLC at TD Ameritrade, and; 3) an interest in a limited liability company named DB517 LLC.

All in violation of Title 18, United States Code, Section 152(1).

A TRUE BILL:

DATED: Nov 18th 2010

*(Signature of Foreperson redacted pursuant to the policy of the Judicial conference)*
FOREPERSON

JENNY A. DURKAN
United States Attorney

CARL BLACKSTONE
Assistant United States Attorney

NORMAN M. BARBOSA
Assistant United States Attorney



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970