1   Judge Richard A. Jones

2

3

4

5   **10-CR-00310-BOND**

6

7   UNITED STATES DISTRICT COURT
8   WESTERN DISTRICT OF WASHINGTON
    AT SEATTLE
9

10

11  UNITED STATES OF AMERICA,          )
                                        )   No. CR10-0310RAJ
12                        Plaintiff,    )
                                        )   **PLEA AGREEMENT**
13          v.                          )
                                        )
14  FREDERICK DARREN BERG,              )
                                        )
15                        Defendant.    )
    _____

16          The United States of America, by and through Jenny A. Durkan, United States Attorney

17  for the Western District of Washington, and Norman M. Barbosa and Carl Blackstone, Assistant

18  United States Attorneys for said District, Defendant, FREDERICK DARREN BERG, and his

19  attorneys, Russell Aoki and Michael Nance, enter into the following Agreement, pursuant to

20  Federal Rule of Criminal Procedure 11(c)(1)(C):

21          1.      The Charges. Defendant, having been advised of the right to have this matter tried

22  before a jury, agrees to waive that right and enter a plea of guilty to the following charges

23  contained in the Superseding Indictment:

24          a.      Wire Fraud, as charged in Count 9, in violation of Title 18, United States Code,

25  Section 1343;

26          b.      Money Laundering, as charged in Count 11, in violation of Title 18, United States

27  Code, Section 1957, and;

28

PLEA AGREEMENT/Berg
Case No. CR10-0310RAJ - 1

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1        c.      Bankruptcy Fraud - Asset Concealment, as charged in Count 12, in violation of

2    Title 18, United States Code, Section 152(1)

3        By entering this plea of guilty, Defendant hereby waives all objections to the form of the

4    charging document.  Defendant further understands that before entering his plea of guilty, he

5    will be placed under oath.  Any statement given by Defendant under oath may be used by the

6    United States in a prosecution for perjury or false statement.

7        2.      Elements of the Offenses.

8        a.      The elements of the offense of Wire Fraud, as charged in Count 9, in violation of

9    Title 18, United States Code, Section 1343, are as follows:

10            First, the Defendant made up a scheme or plan for obtaining money or property by

11    making false promises or statements;

12            Second, the Defendant knew that the promises or statements were false;

13            Third, the promises or statements were material, that is, they would reasonably

14    influence a person to part with money or property;

15            Fourth, the Defendant acted with the intent to defraud; and

16            Fifth, the Defendant used, or caused to be used, the wires in interstate or foreign

17    commerce to carry out or attempt to carry out an essential part of the scheme.

18        b.      The elements of the offense of Money Laundering, as charged in Count 11, in

19    violation of Title 18, United States Code, Section 1957, are as follows:

20            First, the Defendant engages or attempts to engage in a monetary transaction;

21            Second, the monetary transaction involves criminally derived property;

22            Third, the value of the criminally derived property exceeds $10,000;

23            Fourth, the property is derived from specified unlawful activity;

24            Fifth, the Defendant knows that the property is criminally derived.

25        c.      The elements of the offense of Bankruptcy Fraud - Asset Concealment, as charged

26    in Count 12, in violation of Title 18, United States Code, Section 152(1), are as follows:

27            First, a bankruptcy case was pending on or about July 27, 2010, in which

28    defendant was the Debtor;

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1    Second, that the property defendant concealed as alleged in the Superseding

2  Indictment was a part of the bankruptcy estate of the Debtor;

3    Third, that defendant concealed the property alleged in the Superseding Indictment

4  from the trustee charged with the custody and control of that property; and

5    Fourth, that defendant acted knowingly and with the intent to defraud.

6    3.    The Penalties. Defendant understands that the statutory penalties for the offenses

7  to which he is pleading guilty are as follows:

8    a.    Count 9 (Wire Fraud):  imprisonment for up to twenty (20) years, a fine of

9  up to two hundred fifty thousand dollars ($250,000.00), a period of supervision following

10  release from prison of up to three (3) years, and a special assessment of one hundred dollars

11  ($100.00);

12    b.    Count 11 (Money Laundering): imprisonment for up to ten (10) years, a fine

13  of up to two hundred fifty thousand dollars ($250,000.00), a period of supervision following

14  release from prison of up to three (3) years, a special assessment of one hundred dollars

15  ($100.00);

16    c.    Count 12 (Bankruptcy Fraud - Asset Concealment): imprisonment for up to

17  five (5) years, a fine of up to two hundred fifty thousand dollars ($250,000.00), a period of

18  supervision following release from prison of up to three (3) years, a special assessment of one

19  hundred dollars ($100.00).

20    Defendant agrees that the special assessments shall be paid at or before the time of

21  sentencing.  Defendant understands that supervised release is a period of time following

22  imprisonment during which he will be subject to certain restrictions and requirements.

23  Defendant further understands that if supervised release is imposed and he violates one or more

24  of its conditions, Defendant could be returned to prison for all or part of the term of supervised

25  release that was originally imposed.  This could result in Defendant's serving a total term of

26  imprisonment greater than the statutory maximum stated above.

27    Defendant understands that in addition to any term of imprisonment and/or fine that is

28  imposed, the Court may order him to pay restitution to any victim of the offense, as required by

PLEA AGREEMENT/Berg
Case No. CR10-0310RAJ - 3

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1   law. Defendant further understands that a consequence of pleading guilty may include the

2   forfeiture of certain property either as a part of the sentence imposed by the Court, or as a result

3   of civil judicial or administrative process.

4          Defendant agrees that any monetary penalty the Court imposes, including the

5   special assessment, fine, costs, or restitution, is due and payable immediately and further agrees

6   to submit a completed Financial Statement of Debtor form as requested by the United States

7   Attorney's Office.

8          4.      Rights Waived by Pleading Guilty. Defendant understands that by pleading guilty,

9   he knowingly and voluntarily waives the following rights:

10                 a.      The right to plead not guilty and to persist in a plea of not guilty;

11                 b.      The right to a speedy and public trial before a jury of his peers;

12                 c.      The right to the effective assistance of counsel at trial, including, if

13   Defendant could not afford an attorney, the right to have the Court appoint one for him;

14                 d.      The right to be presumed innocent until guilt has been established beyond a

15   reasonable doubt at trial;

16                 e.      The right to confront and cross-examine witnesses against Defendant at

17   trial;

18                 f.      The right to compel or subpoena witnesses to appear on his behalf at trial;

19                 g.      The right to testify or to remain silent at trial, at which trial such silence

20   could not be used against Defendant; and

21                 h.      The right to appeal a finding of guilt or any pretrial rulings.

22          5.      United States Sentencing Guidelines. Defendant understands and acknowledges

23   that, at sentencing, the Court must consider the sentencing range calculated under the

24   United States Sentencing Guidelines, together with the other factors set forth in Title 18,

25   United States Code, Section 3553(a), including:  (1) the nature and circumstances of the offense;

26   (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the

27   seriousness of the offense, to promote respect for the law, and to provide just punishment for the

28   offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the

PLEA AGREEMENT/Berg
Case No. CR10-0310RAJ - 4

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1   need for the sentence to protect the public from further crimes of the defendant; (6) the need to

2   provide the defendant with educational and vocational training, medical care, or other

3   correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the

4   need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity

5   among defendants involved in similar conduct who have similar records.  Accordingly,

6   Defendant understands and acknowledges that:

7          a.      The Court will determine his applicable Sentencing Guidelines range at the

8   time of sentencing; and

9          c.      Except as provided in paragraph 8 below, <u>Sentencing</u>,  Defendant may not

10   withdraw a guilty plea solely because of the sentence imposed by the Court.

11      6.      <u>Restitution</u>.  Defendant shall make restitution in an amount to be determined by the

12   Court at the time of sentencing.  Said amount shall be due and payable immediately and shall be

13   paid in accordance with a schedule of payments as proposed by the United States Probation

14   Office and ordered by the Court.

15      7.      <u>Statement of Facts</u>.  The parties agree on the following facts.  Defendant admits he

16   is guilty of the charged offenses.

17          Beginning at an exact time unknown, but sometime within the last ten years, and

18   continuing until in or around August 2010, at Seattle and elsewhere, within the Western District

19   of Washington, FREDERICK DARREN BERG did knowingly and willfully devise and execute

20   a scheme and artifice to defraud, and for obtaining money and property by means of material

21   false and fraudulent pretenses, representations, and promises; and in executing and attempting to

22   execute this scheme and artifice, did knowingly cause to be transmitted in interstate commerce

23   by means of wire communication, certain signs, signals and sounds.  The object of the scheme

24   and artifice to defraud was to defraud investors by falsely representing that FREDERICK

25   DARREN BERG was using all investor funds to purchase seller financed real estate contracts,

26   real estate, and mortgage backed securities, and also to make hard money loans.  In fact, as he

27   then well knew, during the course of the scheme and artifice to defraud, FREDERICK

28   DARREN BERG stole millions of dollars in investor funds which he used for his own benefit

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1    and to pay off the loans of earlier investors in order to conceal his false statements and continue

2    his scheme to defraud.

3        Between January 2001 and August 2010, FREDERICK DARREN BERG created and

4    operated a series of investment funds purportedly for the sole purpose of investing in seller

5    financed real estate contracts, hard money loans, real estate and mortgage backed securities.

6    FREDERICK DARREN BERG exercised exclusive control over the operation of each of the

7    investment funds and was the only person with access to the funds' bank records. FREDERICK

8    DARREN BERG was the sole signatory on the funds' bank accounts and the only person with

9    access to all of the funds' accounting records including records related to the funds' investors,

10   the funds' assets, and the funds' expenses. FREDERICK DARREN BERG caused others to

11   promote the investment funds and raise money from investors based on statements he made

12   regarding the purpose of the funds, how the funds would operate, the types of assets the funds

13   would purchase and hold, and for what purpose the investors money would be used.

14       It was part of the scheme and artifice to defraud that FREDERICK DARREN BERG

15   falsely represented that the Meridian Mortgage Investment Funds would use investor money

16   solely to purchase seller financed real estate contracts, fund short term loans, purchase real estate

17   and pay management and servicing fees to FREDERICK DARREN BERG and his related

18   companies. In truth and in fact, as he then well knew, FREDERICK DARREN BERG used

19   investors' money for his other business interests including the creation and operation of a bus

20   company named MTR Western and several subsidiaries as well as his personal expenses.

21       FREDERICK DARREN BERG raised over $280 million from approximately 500

22   investors in his investment funds. As a result of FREDERICK DARREN BERG's scheme and

23   artifice to defraud, the victims' lost approximately $100 million that he used for his personal

24   benefit and to promote the scheme to defraud.

25       On or about May 10, 2007, within the Western District of Washington, FREDERICK

26   DARREN BERG did knowingly engage in a monetary transaction in criminally derived property

27   of a value greater than $10,000.00 and derived from specified unlawful activities - namely, wire

28   fraud, to wit a transfer of $1,000,000.00 from the Commerce Bank account ****2804 of

PLEA AGREEMENT/Berg
Case No. CR10-0310RAJ - 6

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  Meridian Partnership Management, Inc., to the Commerce Bank account ****9601 of

2  FREDERICK DARREN BERG.

3      On or about May 27, 2010, for the purpose of executing the scheme and artifice to

4  defraud, and to obtain money by means of false and fraudulent pretenses, FREDERICK

5  DARREN BERG, did knowingly and intentionally cause to be transmitted in interstate

6  commerce by means of a wire communication, a wire transfer of $495,000.00 from the Wells

7  Fargo Bank account of C.B., which represented an investment by C.B. in Meridian Mortgage

8  Investment Fund II, to the Commerce Bank account of MPM Investor Services (FBO MMIFII).

9  This wire traveled in interstate commerce via the FedWire system in New Jersey, to the Western

10 District of Washington.

11     On July 27, 2010, FREDERICK DARREN BERG filed a personal bankruptcy petition in

12 the matter of *In Re: Frederick Darren Berg*, Case No. 10-18668 (Bankr. W.D. Wash.).  This

13 matter was pending through December 2010.  As part of his bankruptcy proceedings,

14 FREDERICK DARREN BERG concealed from the bankruptcy court and the Chapter 11

15 bankruptcy trustee:  (a) his interest in proceeds from the sale of real property; (b), his ownership

16 of a brokerage account in the name of DB517LLC at TD Ameritrade, and; (c)  his interest in a

17 limited liability company in the name of DB517 LLC.  These assets were all part of the

18 bankruptcy estate.  FREDERICK DARREN BERG concealed these assets by failing to disclose

19 these assets on his bankruptcy schedules and making false statements to the Chapter 11

20 bankruptcy trustee about the nature and source of these assets when questioned specifically

21 about these assets.  FREDERICK DARREN BERG falsely claimed to the bankruptcy trustee that

22 a portion of the funds identified above constituted post-petition earnings from consulting

23 contracts he entered after he filed bankruptcy.  In truth and in fact, as he then well knew, this

24 money was the proceeds of a sale of real property that FREDERICK DARREN BERG

25 completed on July 29, 2010.

26     8.   Sentencing.

27     Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties

28 acknowledge and agree that the appropriate sentence of imprisonment to be imposed by the

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1   Court at the time of sentencing is a term of two hundred sixteen (216) months and three years of

2   supervised release. If the sentencing court rejects the agreement of the parties with regard to the

3   appropriate sentence, both the defendant and the United States reserve the right to withdraw

4   from this agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure

5   and to proceed to trial. No other agreement has been made with regard to the imposition of the

6   sentence in this matter, and the parties understand that the Court retains full discretion with

7   regard to the ~~imposition of a~~ term of supervised release, the conditions of supervised release,

8   fines, forfeiture or restitution as may be applicable.

9         9.     Government Position on Judicial Recommendations to the Bureau of Prisons.

10        As part of the plea agreement, the United States agrees that it will not oppose defendant's

11   request for placement at a particular Bureau of Prisons facility. The United States further agrees

12   that it will not take a position regarding defendant's participation in the Bureau of Prison's

13   Residential Drug Abuse Treatment Program.

14        10.    Waiver of Appeal.

15        Defendant is aware that 18 U.S.C. § 3742 gives the right to appeal the sentence to be

16   imposed, and that other federal statutes give Defendant the right to appeal other aspects of the

17   conviction. In consideration of the United States's agreement to a sentence below the advisory

18   guideline range, Defendant knowingly and voluntarily agrees to waive the following rights:

19        a.     The right, conferred by 18 U.S.C. § 3742, to appeal the sentence imposed

20   by the Court, including any restitution order imposed and any terms of supervised release

21   imposed;

22        b.     The right to appeal any aspect of Defendant's conviction, including any

23   pretrial suppression matters or other pretrial dispositions of motions and other issues; and

24        c.     The right to bring any collateral attack against Defendant's conviction or

25   sentence, except as it may relate to the effectiveness of legal representation.

26        If Defendant breaches this Plea Agreement at any time by appealing or collaterally

27   attacking (except as to effectiveness of legal representation) the conviction or sentence in any

28

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1    way, the United States may prosecute Defendant for any counts that were dismissed or not

2    charged pursuant to this Plea Agreement.

3           11.    <u>Non-Prosecution of Additional Offenses</u>.  As part of this Plea Agreement, the

4    United States Attorney's Office for the Western District of Washington agrees to move to

5    dismiss the remaining counts in the Superseding Indictment and not to prosecute Defendant for

6    any additional offenses known to it as of the time of this Agreement that are based upon

7    evidence in its possession at this time, and that arise out of the conduct giving rise to this

8    investigation.  In this regard, Defendant recognizes the United States has agreed not to prosecute

9    all of the criminal charges the evidence establishes were committed by Defendant solely because

10   of the promises made by Defendant in this Agreement.  Defendant agrees, however, that for

11   purposes of preparing the Presentence Report, the United States Attorney's Office will provide

12   the United States Probation Office with evidence of all conduct committed by Defendant.

13          Defendant agrees that any charges to be dismissed before or at the time of sentencing

14   were substantially justified in light of the evidence available to the United States, were not

15   vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any

16   future claims under the "Hyde Amendment," Pub.L. No. 105-119(1997).

17          12.    <u>Voluntariness of Plea</u>.  Defendant agrees that Defendant has entered into this Plea

18   Agreement freely and voluntarily and that no threats or promises, other than the promises

19   contained in this Plea Agreement, were made to induce Defendant to enter these pleas of guilty.

20          13.    <u>Statute of Limitations</u>.  In the event this Agreement is not accepted by the Court

21   for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of

22   limitations shall be deemed to have been tolled from the date of the Plea Agreement to:

23   (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or

24   (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is

25   discovered by the United States Attorney's Office.

26          14.    <u>Post-Plea Conduct</u>.  Defendant understands that the terms of this Plea Agreement

27   apply only to conduct that occurred prior to the execution of this Agreement.  If, after the date of

28   this Agreement, Defendant should engage in illegal conduct, or conduct that is in violation of

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970



1   ~~his/her conditions of release or custody~~ (examples of which include, but are not limited to:

2   obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending

3   sentencing, and false statements to law enforcement agents, the Pretrial Services Officer,

4   Probation Officer or Court), the United States is free under this Agreement to seek a sentence

5   that takes such conduct into consideration. Such a sentence could include, to the extent the

6   United States Sentencing Guidelines are applicable, a sentencing enhancement or upward

7   departure.

8   ///

9   ///

10  ///

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

15.     Completeness of Agreement. The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 2nd day of August, 2011.

_____  8/2/11
FREDERICK DARREN BERG
Defendant

_____
RUSSELL AOKI
Attorney for Defendant

_____
MICHAEL NANCE
Attorney for Defendant

_____  FoR
ROBERT WESTINGHOUSE
Assistant United States Attorney

_____
NORMAN M. BARBOSA
Assistant United States Attorney

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970