TRULINCS 17950086 - BERG, FREDERICK DARREN - Unit: LOF-C-A
----------------------------------------------------------------------------------

FROM: Bamford, Marlene
TO: 17950086
SUBJECT: Pages 1-4 of Motion to Vacate
DATE: 02/07/2013 02:15:07 PM

Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 13-cv-246 RAJ |
| Respondent | ) | |
| ) | ) | CASE NO. CR10-0310RAJ |
| v. | ) | |
| | ) | MOTION TO VACATE, SET |
| FREDERICK DARREN BERG, | ) | ASIDE, OR CORRECT |
| | ) | SENTENCE PURSUANT TO |
| Petitioner | ) | 28 USC §2255 |
| | ) | |
| | ) | |

Frederick Darren Berg (the "Petitioner"), #17950-086 currently held at Federal Correctional Institutional Lompoc (Low), hereby moves the Court for an order vacating, setting aside, or correcting the sentence imposed on February 9, 2012 (Docket 94) in the above-captioned matter pursuant to 28 USC ? 2255.

PROCEDURAL BACKGROUND

1. The name and location of the Court in which the judgment of conviction under attack is the Western District of Washington at Seattle.
2. The date of the judgment of conviction is February 9, 2012.
3. The length of the sentence imposed is 18 years together with three years of supervised release.
4. The nature of the offenses involved is Wire Fraud (18 USC §1343), Money Laundering (18 USC §1957) and Bankruptcy Fraud/Asset Concealment (18 USC §152).
5. The Petitioner pled guilty on August 2, 2011 (Docket 77).
6. The Petitioner has not previously appealed the judgment of conviction.
7. The Petitioner has filed no other petitions, applications, or motions with respect to this judgment in any federal court.
8. The Petitioner was initially represented by Jay Stansell ("Stansell") and Erik Levin ("Levin") of the Federal Public Defender's Office, 1601 Fifth Avenue, Suite 700, Seattle, WA, 98101. On January 13, 2011, Stansell and Levin were replaced by Russell Aoki ("Aoki"), 720 Olive Way, Suite 1525, Seattle, WA, 98101. Aoki was joined on March 14, 2011 by Michael Nance ("Nance"), 615 Second Avenue, Suite 760, Seattle, WA, 98104.

GROUNDS FOR RELIEF

CLAIM NO. 1

TRULINCS 17950086 - BERG, FREDERICK DARREN - Unit: LOF-C-A

---

THE GOVERNMENT AND TRUSTEE CALVERT CONSPIRED TO DENY THE
PETITIONER THE EFFECTIVE ASSISTANCE OF SCHWARTZ
Performance: The Government and United States Bankruptcy Trustee Mark Calvert ("Trustee
Calvert") conspired to deprive the Petitioner of his constitutional right to the effective assistance of his chosen counsel. See
United States v. Gonzalez-Lopez, 548 U.S. 140 (2006) and, further, engaged in a conspiracy to elicit incriminating statements
from the Petitioner without his counsel being present. See United States v. Massiah, 377 U.S. 201 (1964). But for these due
process violations, the results of these proceeding would have been different.
Prejudice: No additional showing of prejudice is required for a Gonzalez-Lopez violation.
Argument: The Petitioner's argument supporting this claim, including proof specific to the claim,
is stated in detail in an over length Memorandum in Support to be filed with the Court upon the granting of leave for the filing of
same (see Request for Leave to File Excess Pages filed simultaneously herewith).

CLAIM NO. 2

STANSELL AND LEVIN SHOULD HAVE MOVED TO SUPPRESS THE
STATEMENTS MADE BY THE PETITIONER ON 8/11/2010
Performance: Attorneys Stansell and Levin rendered constitutionally ineffective assistance of
counsel by failing to move to suppress the statements made by the Petitioner on August 11, 2010, a strategic decision that fell
below an objective standard of reasonableness. See Strickland v. Washington, 466 U.S. 668 (1984) and Arizona v. Fulimante,
499 U.S. 279 (1991). An objective review of the record discloses that there is a reasonable probability that a motion alleging
violations of Gonzalez-Lopez and Massiah and seeking the suppression of the statements made by the Petitioner on August 11,
2010 would have succeeded and that, but for counsel's errors, the result of these proceedings would have been different.
Prejudice: The statements made by the Petitioner on August 11, 2010 were foundational to the
Government's case and were referred to and used against the Petitioner repeatedly throughout the Government's prosecution.
The suppression of those notes would have led to a different result -- specifically, the Petitioner would have either elected to
proceed to trial or would have benefitted from an improved plea bargain.
Argument: The Petitioner's argument supporting this claim is stated in detail, with accompanying
exhibits, in an over length Memorandum in Support to be filed with the Court upon the granting of leave for the filing of same
(see Request for Leave to File Excess Pages filed simultaneously herewith).

CLAIM NO. 3

STANSELL AND LEVIN SHOULD HAVE NEGOTIATED PROFFER
PROTECTION PRIOR TO AGREEING TO THE 9/20/2010 PROFFER
Performance: Attorneys Stansell and Levin rendered constitutionally ineffective assistance of
counsel by arranging for the Petitioner to sit for a four hour proffer session with the Government without first negotiating
appropriate and customary proffer protection, a strategic decision that fell below an objective standard of reasonableness. See
Strickland. But for counsel's errors, the result of these proceedings would have been different.
Prejudice: The September 20, 2010 proffer session was foundational to the Government's case
and was referred to and used against the Petitioner repeatedly throughout the Government's prosecution. The negotiation of
appropriate and customary proffer protections would have led to a different result -- specifically, the Petitioner would have either
elected to proceed to trial or would have benefitted from an improved plea bargain.
Argument: The Petitioner's argument supporting this claim is stated in detail, with accompanying
exhibits, in an over length Memorandum in Support to be filed with the Court upon the granting of leave for the filing of same
(see Request for Leave to File Excess Pages filed simultaneously herewith).

CLAIM NO. 4

STANSELL, LEVIN, AOKI AND NANCE SHOULD HAVE MOVED TO
SUPPRESS THE FRUITS OF THE 8/27/2010 SEARCH AND SEIZURE
Performance: Attorneys Stansell, Levin, Aoki and Nance rendered constitutionally ineffective
assistance of counsel by failing to move to suppress the fruits of the August 27, 2010 search and seizure, a
strategic decision that fell below an objective standard of reasonableness. See Strickland, Fulimante, and
United States v. Comprehensive Drug Testing, Inc., 621 F.3d 1162 at 1084 (Kozinski, concurring) (9th Cir.
2010) (en banc) (articulating a safe harbor for the government to follow in its seizure of data that requires
segregation and discussing the court's expectation of candor from the Government regarding the actual risks of data
destruction). An objective review of the record discloses that there was a reasonable probability that a motion alleging grave
violations of Franks v. Delaware, 438 U.S. 154 (1978) and Comprehensive would have succeeded and that, but for counsel's

TRULINCS 17950086 - BERG, FREDERICK DARREN - Unit: LOF-C-A

------------------------------------------------------------------------

errors, the result of these proceedings would have been different.

Prejudice: The Government will argue that the Petitioner was not prejudiced by the ill fated
execution of its August 26, 2010 search warrant, the Government essentially self-suppressing the fruits of that search and seizure. Indeed, it's true the Government never referred to the fruits of that search and seizure throughout the course of its prosecution of the Petitioner, likely owing to the high probability of their suppression, after the Petitioner refused to execute a waiver absolving the Government of complying with the requirements of Comprehensive (see Docket 88-2, Pages 198-200, the Government asking the Petitioner on September 20, 2010 (seven days following the Ninth Circuit's en banc decision of September 13, 2010) to "execute something that waives all of the [Comprehensive Drug Testing] requirements," a request the Petitioner refused).  However, the Government's self-suppression aside, the Petitioner disagrees that no prejudice arose from Aoki and Nance's decision not to seek to suppress the fruits of that search and seizure. Had any one of the Petitioner's attorneys moved to suppress, the Petitioner would have been in a far better strategic position to have either elected to proceed to trial or, at a minimum, would have benefitted from an improved plea bargain.

Argument: The Petitioner's argument supporting this claim is stated in detail, with accompanying
exhibits, in an over length Memorandum in Support to be filed with the Court upon the granting of leave for the filing of same (see Request for Leave to File Excess Pages filed simultaneously herewith).



Pg 3

TRULINCS 17950086 - BERG, FREDERICK DARREN - Unit: LOF-C-A

---

FROM: Bamford, Marlene
TO: 17950086
SUBJECT: Pages 5-8 of Motion to Vacate with line for your Signature (first one was with verbiage about signature being sent certified ma
DATE: 02/07/2013 02:30:05 PM

CLAIM NO. 5
AOKI AND NANCE SHOULD HAVE UNDERTAKEN
THEIR OWN INDEPENDENT FORENSIC ACCOUNTING
Performance: Attorneys Aoki and Nance rendered constitutionally ineffective assistance of
counsel by failing to undertake their own independent forensic accounting, choosing instead to rely on the
forensic accountings of the Government and Trustee Calvert, a decision that fell below an objective standard of
reasonableness. See Strickland and Lambright v. Schriro, 490 F.3d 1103 at 1120-1121 (9th Cir. 2007) ("the responsibility to
afford effective representation is not delegable to parties who have no obligation to protect or further the interests of the
defendant") An objective review of the record discloses that had Aoki and Nance performed an independent forensic accounting
the result of these proceedings would have been different.
Prejudice: The Petitioner asserts that the completion of an independent forensic accounting will
establish that the Government cannot prove its claim of the misappropriation of investor funds beginning at a time unknown but
sometime "no later than 2003" (Docket 8, Page 1), the Government having been goaded into setting its indictment back to that
date by a financially-incented Trustee Calvert. Notably, Trustee Calvert recently admitted in a bankruptcy court filing that he
could not prove his claim of a long running fraud when he made it in 2010 -- indeed, Trustee Calvert admits he still cannot prove
that claim today  (see Exhibit A, In re: Meridian Consolidated Funds, Case No. 10-17952-KAO (Bankr. W.D. Wash.), Motion for
Subpoena Pursuant to Rule 2004 filed September 24, 2012, at Line 18, Trustee Calvert stating that the information he seeks to
subpoena is necessary for him to prove the allegations he made against the Petitioner in 2010). Had Aoki and Nance performed
an independent forensic accounting, it's highly probable the Petitioner would have elected to proceed to trial or, at a minimum,
would have benefitted from an improved plea bargain.
Argument: The Petitioner's argument supporting this claim is stated in detail, with accompanying
exhibits, in an over length Memorandum in Support to be filed with the Court upon the granting of leave for the filing of same
(see Request for Leave to File Excess Pages filed simultaneously herewith).

CLAIM NO. 6

AOKI AND NANCE SHOULD HAVE MOVED FOR A DISMISSAL OF THE
PETITIONER'S INDICTMENT ALLEGING OUTRAGEOUS GOVERNMENT CONDUCT

Performance: Attorneys Aoki and Nance rendered constitutionally ineffective assistance of
counsel by failing to move for a dismissal of the Petitioner's indictment with prejudice alleging outrageous
government conduct, a decision that fell below an objective standard of reasonableness. See Strickland and
United States v. Chapman, 524 F.3d 1073 at 1084 (9th Cir. 2008) (articulating the legal standards for a
dismissal of an indictment with prejudice). An objective review of the record discloses that there was a
reasonable probability that a motion to dismiss the Petitioner's indictment with prejudice alleging violations of Gonzalez-Lopez,
Massiah, Comprehensive, and Brady v. Maryland, 373 U.S. 83 (1963) would have succeeded and that, but for counsel's errors,
the result of the proceedings would have been different.
Prejudice: A review of the Government's conduct in this case, undertaken immediately prior to
the Petitioner's sentencing on February 9, 2012, illuminated a months long pattern of outrageous government conduct worthy of
a dismissal of the Petitioner's indictment with prejudice. But yet Aoki and Nance, in a frank discussion with a Petitioner intent on
withdrawing his plea, inexplicably advised the Petitioner to proceed to sentencing and, thus, so comes this motion.  It is far from
frivolous, the Government (a). conspiring with Trustee Calvert to subvert the Petitioner's due process right to be effectively
represented by chosen counsel, (b).dispatching Trustee Calvert as its proxy to elicit incriminating statements from the Petitioner
outside the presence of his counsel, (c). proxying the prosecutorial machinery of the federal government to Trustee Calvert by
allowing
him to stipulate the precise timing and terms of the Government's indictment of the Petitioner, (d). farming its investigation out to
a financially-incented Trustee Calvert so as to save time and money and to subvert
Comprehensive and then, in the end, after Trustee Calvert failed to deliver a long promised "complete forensic accounting" (see
Exhibit B), thus necessitating that the Government scramble to perform its own forensic accounting nine months after the
Government arrested the Petitioner, (e). knowingly and intentionally committing a long list of serious Brady violations.
Argument: The Petitioner's argument supporting this claim is stated in detail, with accompanying
exhibits, in an over length Memorandum in Support to be filed with the Court upon the granting of leave for the filing of same
(see Request for Leave to File Excess Pages filed simultaneously herewith).

Pg 4

TRULINCS 17950086 - BERG, FREDERICK DARREN - Unit: LOF-C-A

---

FROM: Bamford, Marlene
TO: 17950086
SUBJECT: Footnote- Motion to Vacate
DATE: 02/07/2013 02:15:07 PM

The Petitioner does not make these allegations lightly. Citing three examples of serious Brady violations: (1). In its June 23, 2012 response to Brady, the Government wrote: "The Government has gone above and beyond its legal obligations, and has produced material long before it is required to. The discovery, which is extraordinarily broad, was in large part produced over nine months before the October 3, 2010 trial date." But see Exhibit C, this exhibit being the discovery log maintained by the Bureau of Prisons/FDC SeaTac regarding its receipt and delivery of discovery to the Petitioner. This log shows that the Petitioner received the first two disks of discovery on April 24, 2011, thus rendering him held in pretrial detention for more than six months with virtually no discovery despite repeated requests. (2). Exhibit B evidences that the Government learned from Trustee Calvert on or about May 11, 2011 that he did not intend "to schedule additional bank accounts or conduct as extensive an analysis as planned," yet in its June 23, 2011 response to Brady the Government wrote "over the next several weeks, [Trustee Calvert] expects to produce additional databases for accounts held at other institutions during the course of Mr. Berg's scheme" (Docket 48, Page 12, Line 7). (3). Exhibit B also evidences a Government scrambling, as of early June, 2011, to compile a complete collection of bank statements so to enable it to undertake its own forensic accounting, the Government writing "we had to re-contact some banks to obtain additional records that had not originally been provided" yet the Government wrote weeks later, in late June in its response to Brady, that "the Government has already produced all of the underlying data in the form of bank account statements, account opening documents, and account items...therefore, the Defense has had the ability to conduct [its own forensic accounting] since December, 2010." This response is particularly egregious given the Government was struggling to do such an accounting itself as it wrote its response to Brady. The foregoing is but a sample -- the most egregious violation, a brazen ruse that gamed this Court into inadvertently officially sanctioning the Government's continued suppression of requested Brady materials is outlined in detail in the over length Memorandum in Support that awaits the Court's permission to be filed.

PG 5

TRULINCS 17950086 - BERG, FREDERICK DARREN - Unit: LOF-C-A

--------------------------------------------------------------------------------

REMEDIES

The Court has broad discretion, pursuant to 28 USC § 2243, to dispose of habeas corpus matters "as law and justice require." On that matter, the Petitioner hereby moves the Court for a dismissal of indictment with prejudice.

The Court may dismiss the Petitioner's indictment with prejudice under either of two theories.

First, the Court may do so on the grounds of outrageous government conduct if the conduct amounts to a due process violation. Second, the Court may dismiss an indictment with prejudice even if the conduct does not rise to the level of a due process violation under its supervisory powers. See United States v. Barrera-Moreno, 951 F.2d 1089 at 1091 (9th Cir. 1991). This case handily qualifies for a dismissal per both theories. Accordingly, the Petitioner hereby moves the Court for (1). dismissal of indictment with prejudice based on outrageous government conduct that resulted in a due process violation as well as (2). dismissal of indictment with prejudice pursuant to the Court's supervisory powers.

PRAYER FOR RELIEF

Wherefore, Petitioner prays that the Court grant him all relief to which he may be entitled in this proceeding. I declare under penalty of perjury that the following is true and correct and was executed on this 7th day of February, 2013.

F. Darren Berg

F. Darren Berg   #17950-086
Federal Correctional Institution Lompoc (Low)
3600 Guard Road
Lompoc, CA  93436